EMPLOYERS' LIABILITY ASSUR. CORP., LTD. *v.* JONES
COUNTY LUMBER CO.

[72 South. 152.]

1. INSURANCE. *Liability insurance. Notice of injuries. Knowledge of employers. Delay in giving notice of suit. Effect.*

Where the employee of a lumber company was injured but did not make any claim for damages and resumed his work and no other servant notified the management of the lumber company of the injury and the employee waited two years before bringing suit, the lumber company, being without knowledge of the injury, was under no duty to report the accident to its insurer, notwithstanding a clause in the policy required that upon the occurrence of an accident involving bodily injury or death, assured should give immediate written notice to the insurer's home office.

2. LIABILITY INSURANCE. *Delay in giving notice of suit. Effect.*

Where an employer, insured against liability for injuries to its employees was sued by the employee on April 18th and failed to give notice of the suit to the insurance comapny until June 17th, and court met on June 23d, the insurer having attorneys eight miles from the place of trial, and the delay in giving notice of the suit was not detrimental to the insurer, such failure to give notice of the suit did not bar the employer's recovery on its policy, since the requirement of prompt notice is not of the essence of the contract, unless it materially affects the rights of the particular case.

APPEAL from the circuit court of Forest county.

HON. PAUL B. JOHNSON, Judge.

Suit by Jones County Lumber Company against the Employer's Liability Assurance Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Deavours & Hilbun,* for appellant.

*Tally & Mayson,* for appellee,

Stevens, J., delivered the opinion of the court.

Appellant is a corporation engaged in the business of indemnifying manufacturing and public service corporations against damages sustained by the assured as result of accidents to assured's employees, and, in the course of its business, issued to appellee, the Jones County Lumber Company, a policy of insurance which constitutes the basis of the present action. While this policy was in effect and on May 15, 1911, one J. L. Lawrence, an employee of the Jones County Lumber Company, was injured while assisting in the loading of some logs about eight miles from the lumber mill, or plant of appellee, located at Crottstown, Miss. It appears that the employee Lawrence, while under the direction of the woods foreman of the company, received orders to go between the cars of the logging train and was injured; that the injury was not regarded as serious by the foreman in charge of the loader, and was not regarded of sufficient importance to report; that Lawrence resumed work shortly after he was injured, and did not himself notify the company of his intention to claim and made no claim for damages until January 31, 1913, when he filed his declaration in the circuit court of Jones county, claiming damages from appellee; that process was issued for appellee as defendant, returnable the fourth Monday of June, 1913, and, upon its being served upon the defendant, the Jones County Lumber Company, they gave notice to appellant of the claim and suit for damages both by letter and telegram. Appellant declined to defend the suit instituted by Lawrence on the ground that appellee had not promptly notified it of the injury received by Lawrence, and also because it was not promptly notified of the institution of the suit. These and other facts are disclosed by the agreed statement of facts entered into by the parties on the trial of the case in the court below. Lawrence recovered judgment for five hundred dollars which

appellee paid and discharged; and it now prosecutes this action upon its policy of insurance to recover the damages sustained as a result of the said suit, including seven hundred and fifty dollars attorney's fees expended by it in defending the suit prosecuted by Lawrence. Process in the Lawrence suit was served on the bookkeeper and agent of the lumber company April 18, 1913, and appellant was given notice of the filing of this suit under date of June 17th, and again June 19th. The circuit court convened June 23d thereafter, and the case was tried June 27th and 28th. The general agent of appellant maintained offices in New Orleans, La., and among the attorneys, from time to time engaged by appellant in Mississippi, was a firm of attorneys residing eight miles from Ellisville, the place where the trial of the Lawrence suit was had. The main office of appellee is in Mobile, Ala., where its officers reside; and, when the process was served on the inferior agent of the company at its mill plant in Mississippi, it was afterwards sent to appellee's office in Mobile, and as soon as the Mobile office received it the process was transmitted to appellant. Conditions D and E of the policy are as follows:

"Condition D. Upon the occurrence of an accident involving bodily injuries or death, the assured shall give immediate written notice thereof, with the fullest information obtainable at the time, to the corporation's home office at Boston, Mass., or to the corporation's authorized agent. If a claim is made on account of such accident the assured shall give like notice thereof with full particulars. The assured shall at all times render to the corporation all co-operation and assistance in his power.

"Condition E. If thereafter any suit, even if groundless, is brought against the assured to enforce a claim for damages on account of an accident covered by this policy, the assured shall immediately forward to the corporation every summons or other process as soon as the

same shall have been served on him, and the corporation will, at it own cost, and subject to the limitations contained in Condition A hereof, defend or at its option settle such suit in the name and on behalf of the assured."

The circuit court upon the pleadings and agreed statement of facts entered judgment in favor of appellee for the full amount sued for, and from this judgment appellant prosecutes an appeal.

It is insisted by appellant that no liability exists, for the reason that appellant received no notice of the injury sustained by the employee. It affirmatively appears, however, that neither the injured employee nor his fellow servants in the woods notified the management of the Jones County Lumber Company that Lawrence was injured, or that he anticipated filing any claim for damages. No claim for damages was in fact presented to the company and the injury received by Lawrence was considered trivial by the employees of the company having knowledge of it. The officers or general management of the lumber company could not very well be expected to give notice of an injury of which they are ignorant. Clause D. of the policy does not expressly require notice when the assured is uninformed on the subject, and does not expressly stipulate that the rights of the assured shall be forfeited in the absence of such notice. The record is silent as to the duties or authority of Williams, the person having charge of the loader, but it is safe to infer that Williams, being somewhat rsponsible for the injury, would naturally withhold notice thereof from the company, or at least minimize the occurrence. It affirmatively appears that the injured party, without submitting a claim, resumed his work and waited two years before he insituted his action against appellee. It cannot, therefore, be said from the facts in this case that the Jones County Lumber Company ever had knowledge of the injury in question; and without such knowledge we hold the corporation was under

no duty to report to appellant in accordance with the provisions of condition D. *Anoka Lumber Co.* v. *Fidelity & Casualty Co.*, 63 Minn. 286, 65 N. W. 353, 30 L. R. A. 689; *John B. Stevens & Co.* v. *Frankfort Marine, Accident & Plate Glass Ins. Co.*, 207 Fed. 757, 125 C. C. A. 295, 47 L. R. A. (N. S.) 1214; *Mandell* v. *Fidelity & Casualty Co.*, 170 Mass. 173, 49 N. E. 110, 64 Am. St. Rep. 291; *Wolverton* v. *Fidelity & Casualty Co.*, 190 N. Y. 41, 82 N. E. 745, 16 L. R. A. (N. S.) 400.

We hold further that whatever delay there was, in giving notice of the pendency of the suit in accordance with the provisions of condition E of the policy, was a very natural delay, occasioned by the situation or location of the parties, and more than this the delay complained of did not materially damage appellant. Appellant had a general agency in the city of New Orleans, La., and also attorneys residing eight miles from the very place where the Lawrence suit was tried. Appellant had notice of the pendency of this suit in time to appear and defend, but, without making any effort at all to defend, elected to claim forfeiture of the conditions of its policy contract. So far as the record discloses, all witnesses were available at the trial of the suit, and on the whole no damage whatever is shown to have resulted by reason of any delay in transmitting a copy of the summons served upon the lumber company or in notifying appellant of the pendency of the suit. The second point raised by counsel for appellant, therefore, falls within the rule announced in *Hope Spoke Co.* v. *Maryland Casualty Co.*, 102 Ark. 1, 143 S. W. 85, 38 L. R. A. (N. S.) 62, Ann. Cas. 1914A, 268, wherein the court says:

"The following authorities fully sustain the view that failure to give notice within a specified time, in accordance with the terms of the policy, does not operate as a forfeiture of the right to recover, unless the policy in express terms or by necessary implication makes the giving of notice, within a time specified, a condition precedent

to recovery: *Preferred Accident Ins. Co.* v. *Fielding,* 35 Colo. 19, 83 Pac. 1013, 9 Ann. Cas. 916; *Southern Fire Ins. Co.* v. *Knight,* 111 Ga. 622, 36 S. E. 821, 52 L. R. A. 70 [78 Am. St. Rep. 216]; *Kenton Ins. Co.* v. *Downs,* 90 Ky. 236, 13 S. W. 882; *Tubbs* v. *Dwelling House Ins. Co.,* 84 Mich. 646, 48 N. W. 296; *Steele* v. *German Ins. Co.,* 93 Mich. 81, 53 N. W. 514, 18 L. R. A. 85; *Mason* v. *St. Paul F. & M. Ins. Co.,* 82 Minn. 336, 85 N. W. 13, 83 Am. St. Rep. 433; *Taber* v. *Royal Ins. Co.,* 124 Ala. 681, 26 So. 252; *Vangindertaelen* v. *Phoenix Ins. Co.,* 82 Wis. 112, 51 N. W. 1122, 33 Am. St. Rep. 29.  .  .  .  In the absence of an express stipulation declaring this requirement to be of the essence of the contract, and therefore a condition precedent to the right of recovery, we do not think that it is correct to say that such a requirement is of the essence of the contract unless it is shown to materially affect the rights of the parties in the given case. We fail to see why it should be so in an insurance policy any more than in any other kind of a contract, where strict compliance with every specification of the contract is generally held not to be of the essence of the contract, unless made so by the terms of the contract or by necessary implication. *Lenon v. Mutual Life Ins. Co.,* 80 Ark. 563, 98 S. W. 117, 8 L. R. A. (N. S.) 193, 10 Ann. Cas. 467. The facts of this case illustrate the justness of the conclusion we reach on the question. Appellee received notice of the accident in time to make a full investigation and to investigate to its satisfaction. It is not claimed that it suffered any loss or injury by reason of not having received the notice earlier. The defense is purely technical and without any substantial merit.''

The doctrine thus announced appeals to reason and a proper sense of justice and is approved by us.

*Affirmed.*