CABLE, Administrator, Respondent, vs. SMITH and another, Appellants.

*October 8, 1929—January 7, 1930.*

For the appellants there was a brief by *Alexander Wiley* and *Robert L. Wiley,* both of Chippewa Falls, and oral argument by *Alexander Wiley.*

For the respondent there was a brief by *A. C. Barrett* of Spooner, attorney, and *Coe Brothers* of Barron, of counsel, and oral argument by *C. C. Coe.*

The following opinion was filed November 5, 1929:

FOWLER, J. The court's findings of fact seem to us well supported by the evidence. No useful purpose will be served by reciting the evidence in detail. The only questions remaining are (1) whether the plaintiff might rightly bring the suit; and if so, (2) whether the receipt constituted an accord and satisfaction under the circumstances.

The bond obligated the guardian to pay over the amount found due from him on termination of his trust "to the person lawfully entitled thereto." The ward's estate terminated at his death, as he had only a life estate or interest in the fund. His personal representative, if he had one, acquired no interest in the fund or right to receive it. Somebody was entitled to the fund. Who else but the persons to whom the remainder of the estate was given by the will? The fund constituted the remainder after the life

estate; manifestly the remaindermen were entitled to receive it ultimately. But the fund being personal property and not having been assigned to them by the county court, it is still in the estate and the title to it is in the personal representative of the testatrix, and the plaintiff is such representative. This is elementary and so plain that no authorities need be cited in support.

There was no consideration to support the receipt as an accord and satisfaction. The plaintiff as trustee had no power to take the claim in satisfaction of the liability on the bond. He was entitled to receive the property constituting the remainder of Mrs. Cable's estate and this consisted of the dividend check and the claim to further dividends. But this did not discharge liability on the bond. It is clear that if the affairs of the bank had been wholly closed by the commissioner and the final dividend paid, the payments would not satisfy the bond unless the payments equaled the liability upon it. The only question here is whether this action was prematurely brought. It was held in *Employers' L. A. Corp. Ltd. v. Jones County L. Co.* 111 Miss. 759, 72 South. 152, as one of two reasons why an action on a guardian's bond was prematurely brought, that as long as there is a possibility that a failed bank in which a guardian has deposited his ward's funds will pay out in full, no action lies on the bond. We do not adopt this rule; but if it were to be taken as the law, it is apparent from the evidence here that there is no possibility that the assets of the bank are sufficient to pay the claims against it in full. The question of liability on the bond has been fully litigated without objection below, as far as the record discloses, that the action was prematurely brought. We consider that it is too late to raise the objection here. The rights of the defendants will be fully protected by provision in the judgment that on payment of the amount adjudged,

less payments by the commissioner of banking since its rendition, if any, the plaintiff shall assign to the bondsman the claim for the future dividends of the commissioner.

*By the Court.*—Judgment modified and affirmed as modified. Cause remanded with directions to modify the judgment as indicated.

A motion for a rehearing was denied, with $25 costs, on January 7, 1930.