DOWNING *v.* HOME INDEMNITY CO. OF NEW YORK.

(Division B. Feb. 19, 1934. Suggestion of Error Overruled March 5, 1934.)

[152 So. 841. No. 31012.]

**Broom & Shipman,** of Jackson, for appellant.

14

**Chambers & Trenholm,** of Jackson, for appellee.

Argued orally by **W. A. Shipman,** for appellant, and by **E. L. Trenholm,** for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

Prior to the bringing of this suit, the appellant, M. D. Downing, brought suit against the Central Cotton Oil Company for personal injuries received as an employee of said company, and secured a judgment for five thousand seven hundred fifty dollars, upon which execution was issued and returned nulla bona. Thereafter this suit was filed against the Home Indemnity Company of New York, which had written a policy for the Central Cotton Oil Company in an amount not to exceed five thousand dollars, for injuries to employees.

The declaration alleged the recovery of said judgment, and that said policy was in force at the time of the recovery of the judgment and at the time the injury was received, and filed a copy of the policy as an exhibit to the declaration. It was also alleged that the execution issued in the suit against the Central Cotton Oil Company was returned nulla bona, and that at the time the suit was brought, the Home Indemnity Company was doing business in the state of Mississippi. It was further alleged that the Central Cotton Oil Company was insolvent, and had been from the time of the rendition of the judgment to the trial of this suit, and that, by virtue of Condition

G of the policy, the benefit of the policy inured to the plaintiff to the extent of the amount thereof. This Condition G reads as follows: "G. The insolvency or bankruptcy of the assured shall not relieve the company of any of its obligations hereunder. If any person or his legal representatives shall obtain final judgment against the assured because of injuries or death covered hereby, and execution thereon is returned unsatisfied by reason of bankruptcy, insolvency, or any other cause, or if such judgment is not satisfied within thirty days after it is rendered, then such person or his legal representatives may proceed against the company to recover the amount of such judgment, either at law or in equity, but not to exceed the limits expressed in special Condition 8."

The declaration further averred that by reason of said Condition G, the Home Indemnity Company of New York became indebted to the plaintiff in the sum of five thousand dollars, and demanded judgment for said amount.

The declaration was demurred to upon the ground that the declaration did not show a compliance with the terms of Condition D of the policy, reading as follows: "Upon the occurrence of an accident, the Assured shall give prompt written notice thereof to the Company's Home Office at New York, or to an authorized agent. If any claim is made on account of such accident, the Assured shall give like notice thereof with full particulars. If, thereafter, any suit or other proceeding is instituted against the Assured to enforce such claim, the Assured shall immediately forward to the Company, at its Home Office, every summons or other process served upon him. Notice given by or on behalf of the Assured to any Authorized Agent of the Company within the state in which this policy is issued, with particulars sufficient to identify the Assured, shall be deemed to be notice to the Company, it being understood that failure to give any notice required to be given by this policy, within the time specified

therein, shall not invalidate any claim made by the Assured if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible.''

The declaration did not allege that such notice was given, nor did it make any specific charge of any attempt of compliance therewith on the part of the plaintiff in this case, nor did it allege any ground of excuse, if any there be, for not giving the notice required by Condition D.

The court sustained the demurrer and granted leave to amend, but the plaintiff declined to amend, and final judgment was entered for the defendant, from which this appeal is prosecuted.

The plaintiff in the case at bar was not a party to the contract of insurance, but the policy made an exhibit would, under its conditions, inure to the benefit of the plaintiff; but we think that, before the plaintiff has any right to the proceeds of the policy, there must be a compliance with its terms as to giving notice as required by Condition D. In the case of Adams et al. v. Maryland Casualty Co., 162 Miss. 237, 139 So. 453, we held that a person not a party to a contract of insurance, but for whose protection the policy provides, can stand only upon the terms of the contract, and on page 241 of 162 Miss., 139 So. 453, 454, we said that: ''It will be seen from an analysis of the provisions of the policy that the insurance company did not assume to insure the risk caused by the operation of the truck with the trailer attached unless it was permitted by notation on the policy and the proper charges made for such coverage. We do not see how the averments set forth in this declaration aid the plaintiff in the suit, because the casualty company did not assume to insure against injuries in the operation of the truck with the trailer attached. It was permissible for it to

make the contract specifying the particulars in such policy that would afford indemnity to the insured. The plaintiff does not bring himself within the terms of the policy, and, as we understand it, one who is not a party to a contract, but for whose protection a policy provides, can stand only upon the terms of the contract, and if he does not bring himself within the terms of the contract, there is no liability in his favor.''

In the contract in the case at bar, the Indemnity Company was entitled to have notice so that it might make proper investigation and prepare proper defense to a suit against the insured. This is an important right, and the company had the right to provide for the protection of Condition D.

We are therefore of the opinion that the court below was correct in sustaining the demurrer, and the judgment is affirmed.

Affirmed.