ÆTNA LIFE INS. CO. *v.* WALLEY.

(Division A. Nov. 4, 1935.)

[164 So. 16. No. 31827.]

Watkins & Eager, of Jackson, for appellant.

L. C. Hallam, of Cleveland, and Hilton & Cox, of Jackson, for appellee.

Argued orally by **Pat Eager**, for appellant, and by **R. T. Hilton** and **Charles S. Cox**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a decree of the chancery court awarding the appellee a recovery on an indemnity insurance policy. The appellee is a physician and surgeon. On June 20, 1919, the appellant issued to him a policy of insurance, to continue in force one year, whereby it agreed to indemnify him, to a limited amount, "against loss and/or expense arising or resulting from claims upon the assured for damages on account of bodily injuries and/or death suffered or alleged to have been suffered by any person or persons in consequence of any malpractice committed or alleged to have been committed

during the policy period provided herein by the assured personally in the practice of his profession." The policy, among other things, provides:

"A. Upon becoming aware of any malpractice, error or mistake, or any allegation of such malpractice, error or mistake, the assured shall give immediate written notice thereof with the fullest information obtainable at the time to the company, or its duly authorized agent. If claim is made on account of such malpractice, error or mistake, or allegations thereof, the assured shall give like notice of such claim, together with full particulars. The assured shall, at all times, render to the company all co-operation and assistance in his power.

"Report and defense of suits.

"B. If suit is brought against the assured to enforce a claim for damages covered by this policy, he shall immediately forward to the Company every summons or other process as soon as the same shall have been served on him, and the Company will, at its own cost, defend such suit in the name and on behalf of the Assured.

"Co-operation of Assured. Expenses.

"C. The assured, whenever requested by the Company, shall aid in securing information and evidence, and the attendance of witnesses, and in prosecuting appeals, but the Assured shall not voluntarily assume any liability or interfere in any negotiations for settlement, or in any legal proceedings, or incur any expense or settle any claim, except at his own cost, without the written consent of the Company previously given."

In January, 1920, the appellee performed a surgical operation upon Clara Brown, who afterwards became, by marriage, Clara Brown Wren, and failed to remove from the wound a drainage tube, for damages resulting from which Mrs. Wren sued the appellee on November 28, 1933, and recovered a judgment therefor. This suit is to recover the money paid by the appellee under this judgment, and the expense incurred by him in defending the

suit. One of the appellant's defenses is that the appellee failed to comply with clauses A, B, and C of the policy.

The first notice appellee had of Mrs. Wren's claim to have been injured, and for damages therefor, was the receipt by him, on March 18, 1933, of a letter from her attorney advising him of the claim and that he had been employed to collect it, to which the appellee replied saying, among other things, "I am in no way liable, and do not expect to pay one penny." This attorney, on April 18, 1933, again wrote to the appellee saying:

"Mrs. W. R. Wren, formerly Miss Clara Brown, has advised me to take legal action against you in regard to the matter that I had up with you some time ago. I am giving you this further notice before suit is filed. If there is any chance of reaching a settlement, I shall be very glad to talk with you about it during the next two weeks," to which the appellee, on April 19, 1933, replied as follows:

"I have your letter of the 18th inst in re Mrs. W. R. Wren, formerly Miss Clara Brown, and note what you say. Pursuant to my conversation of even date, I deny liability, personally, professionally, legally or otherwise, and I would not give five cents to prevent you filing suit in this case."

Nothing further seems to have been done in the matter by this attorney until the filing of this suit on November 28, 1933, on which date a summons issued pursuant to the declaration was served upon the appellee.

About four p. m. of the day on which this suit was being tried, and while the jury therein was being impaneled, Bradshaw, an agent of the appellant, learned, as will hereinafter appear, of the pendency of the suit. He, thereupon, arranged for a conference that night by the appellee and his attorney with Watkins & Eager, attorneys for the appellant. In this conference, the appellant's attorneys disclaimed liability on the policy for the reason that clauses A, B, and C thereon had not been complied with, but offered to appear the next morning and defend

the suit, which was then in progress, in the name and on behalf of the appellee provided he would sign a written agreement stipulating that the appellant should not be held to have thereby waived its right to complain of the appellee's delay in notifying it of Mrs. Wren's claim for damages and of the institution of her suit therefor. This the appellee declined to do, and, thereupon, the appellant's attorneys declined to appear and defend the suit.

The appellee says that his failure to comply with clauses A, B, and C of the policy was caused by the fact that he did not keep his insurance policy and supposed he had destroyed it, and while he remembered having an indemnity policy, he did not remember by what insurance company it had been issued. Between December 1st and January 1st, he telephoned several insurance agencies in Jackson, among which was Bradshaw & Hoover, a corporation representing the appellant, and asked if a company represented by these agencies had issued to him an indemnity insurance policy covering the years 1919 and 1920. Some one in the office of Bradshaw & Hoover replied to this telephonic request that it had no record of any such insurance. On February 17, 1934, the appellee casually met Mr. Bradshaw, of Bradshaw & Hoover, on the street in Jackson, and told him he had been sued for damages, and asked him if he, the appellee, had any indemnity policy covering the years 1919-1920 in one of Bradshaw & Hoover's companies, to which Bradshaw replied that he did not know, but would ascertain, and he wrote the appellant's agency in New Orleans, as follows:

"We have been requested by Dr. Walley to see if we carried his physician's liability insurance during either or all of the years 1918-19 or 1920. We have no record of it, and he does not recall with whom he carried the risk. He is being sued for some claim originating about that time. Thanking you for your advice, we remain."

The records of the New Orleans agency disclosed no

such policy, but on February 19, 1934, this agency wrote the appellant's home office at Hartford, Connecticut, inclosing a copy of Bradshaw's letter, and asking whether the appellant had issued such a policy. On February 22, 1934, the appellant's home office wrote its New Orleans agency that it had issued to the appellee an indemnity policy covering the period between June 20, 1919, and June 20, 1922, and on February 26, 1934, the appellant's New Orleans office wrote to E. O. Scales, one of its agents in Jackson, Mississippi, inclosing therein a copy of the letter from the appellant's home office. The time of the receipt of this letter does not clearly appear, but on February 28th Bradshaw, into whose possession this letter had come, proceeded to locate the appellee's whereabouts, and discovering that he was at the courthouse went immediately thereto, communicated to him the contents of this letter, and was advised by the appellee that the Wren suit was then on trial. What then followed has been hereinabove set forth.

There is no contention by the appellant that the appellee was in default in not advising the appellant of Mrs. Wren's claim against him prior to the receipt by him, on March 18, 1933, of the letter from her attorney, and the appellee's claim is that his delay in giving the notice thereafter was excusable under the circumstances. The requirements of clauses A, B, and C of the policy conferred a valuable right upon the appellant, the purpose of which was to enable it to investigate a claim against the appellee covered by the policy; to itself decide whether the claim should be settled without litigation, and, if not, to prepare its defense thereto, and should have been complied with, unless compliance therewith was waived or excused under some pertinent rule of law. Downing v. Home Indemnity Co., 169 Miss. 13, 152 So. 841. Delay in complying with such requirements will be excused where the required notice was given in time to enable the insurer to prepare its defense to the asserted

claim, and it does not appear that the insurer was prejudiced by such delay, Employers' Liability Corporation v. Jones County Lumber Co., 111 Miss. 759, 72 So. 152, where notice was given to the insurer in Mobile, Alabama, ten days before the suit against the insurer was tried.

The notice in the case at bar was not given in the form required by the policy, but that aside, and leaving it out of consideration, the notice was not given in time to enable the appellant. to investigate the merits of Mrs. Wren's claim to determine whether or not it should be paid, and, if not, to prepare its defenses thereto. Had it participated in the trial of the case, it would have had to accept it as made by the insured, and this was exactly what the requirements of the policy were intended to prevent it from having to do.

But it is said, in effect, by the appellee that it was impossible for him to have given the appellant earlier notice, and therefore he was excused from so doing. The impossibility here urged did not arise because of the nature of the act to be performed, but wholly because of the inability of the promisor, himself, to perform it, caused by something that occurred after the promise was made. What occurred was that the appellee destroyed his policy, or, to state it most favorably for him, failed to keep it, and forgot the name of the insurer. Where the policy does not expressly, or by necessary implication, make the time of giving the notice the essence thereof, delay in giving the notice is excusable under some circumstances, but the authorities seem to be unanimous in holding that such delay must have occurred without fault or negligence on the part of the insured. In the language of section 457, Restatement of Contracts, "for the occurrence of which he is not in contributing fault."

The failure of the appellee to keep his policy occurred through his own fault. His delay, from March to December, to make any attempt to ascertain the name of the insurer constitutes negligence.

The notice herein required is not of a past event which fixed the insurer's liability (Fidelity & Deposit Co. v. Merchants' & Marine Bank, 169 Miss. 755, 151 So. 373, 154 So. 260), but of something then in progress (Mrs. Wren's attempt to collect damages from the appellee), and of a threat of a future event (the institution of a suit by Mrs. Wren to collect her claimed damages), in both of which matters the appellant was vitally interested.

The appellee is mistaken in saying that clauses A, B, and C of the policy violate section 2294 of the Code of 1930, which provides that: "The limitations prescribed in this chapter shall not be changed in any way whatsoever by contract between parties, and any change in such limitations made by any contract stipulation whatsoever shall be absolutely null and void; the object of this statute being to make the period of limitations for the various causes of action the same for all litigants."

The notice here required in no way affects the time within which suit must be brought on a policy, or within which notice must be given of a liability claimed to have arisen thereunder. The right of the insured to recover on this policy does not arise, if at all, until the termination of a suit against him for malpractice, and the time within which the insured must sue on the policy begins when, but not until, the termination of such a suit.

These clauses of the policy relate only to things to be done before liability thereon becomes fixed, and when such is the case. Section 2294, Code of 1930, is not violated. Berry v. Lamar Life Ins. Co., 165 Miss. 405, 142 So. 445, 145 So. 887, and Mutual Life Ins. Co. v. Hebron, 166 Miss. 145, 146 So. 445.

Reversed and judgment here for the appellant.