### State Mutual, etc., Ins. Co. *v.* Watkins.

(Division B. April 4, 1938. Suggestion of error overruled May 16, 1938.)

[180 So. 78. No. 33108.]

**Ben Wilkes**, of Greenville, and **Cooper & Thomas**, of Indianola, for appellant.

Everett & Everett and **J. M. Forman,** of Indianola, and Frank E. Everett, Jr., of Greenwood, for appellee.

Argued orally by **Forrest G. Cooper,** for appellant, and by **Frank E. Everett, Jr.,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

On March 25, 1935, one J. W. Watkins, a first cousin of appellee, took an accident insurance policy in appellant company on a certain automobile truck owned by the insured. The policy covered, among other things, "the legal liability imposed upon the assured for damages resulting from an accident by reason of the ownership, maintenance or use of the described automobile on account of bodily injury and for death at any time resulting therefrom sustained by any person or persons." A subsequent provision expressly excepted or excluded from the policy any liability "for bodily injury to any employee of the assured while engaged in the business of the assured (other than domestic employment) or in the operating maintenance or repair of the automobile." The policy carried the usual provisions found in such policies requiring the giving of notice to the company "as soon as reasonably possible thereafter" of any loss or injury, and also that the company shall be immediately notified of

any suit against the assured for any such damages or claim of damages as are covered by the policy.

On December 12, 1935, while the policy was in force, the assured sent appellee as the driver of the automobile truck to a neighboring town to move a family. On the way the driver invited one Ellis to accompany him. During the trip the car was overturned and Ellis and the drier, appellee here, were to some extent injured. Soon thereafter the insured notified the company of the accident. On February 14, 1936, the company sent its investigator, who made full settlement with Ellis. On this investigation a written statement was made and delivered by the driver, appellee here, which, when fairly interpreted, was to the effect that, at the time of the accident, appellee was acting as an employee of the insured in the operation of the automobile. Appellee made no suggestion at the time that he was entitled to recover anything of the company.

On February 24, 1936, attorneys for the insured wrote the company asking what they expected to do about the claim of appellee. On February 28, 1936, the attorney for the company wrote appellee that "under the terms of the policy the company does not consider your injuries covered," and four days later the attorney wrote to the insured that he had settled the claim of Ellis in full, and further stated that, much to his surprise, G. A. Watkins, appellee here, had written inquiring about his damage, and that he had been instructed to advise that no liability to G. A. Watkins was recognized. On March 20, 1936, the company wrote to the attorneys of the insured that the Ellis claim had been settled, that G. A. Watkins had no valid claim, and that the file had been closed.

On March 18, 1936, two days before the letter last mentioned was written by the company, appellee, G. A. Watkins, filed his action against J. W. Watkins, the insured, in the circuit court. The declaration expressly averred that at the time of the accident the plaintiff, G. A. Wat-

kins, was an employee of J. W. Watkins, that "said J. W. Watkins had employed the plaintiff G. A. Watkins to operate an automobile truck to move a family," etc. The summons was returned as executed on J. W. Watkins on May 8, 1936. No notice was given by the insured of the suit until October 6, 1936. The company learned of the suit, however, on September 21, 1936. On November 24, 1936, the attorney for the company obtained the court files and saw that the suit was by appellee as an employee of the insured, and the company took no further steps about it, since such claim, as asserted, was not within the policy.

On March 17, 1937, the circuit court being then in session, the case came on for trial, and was that day tried. The insured, J. W. Watkins, the defendant in the action, had wholly made default; he made no defense whatever. During the trial on the writ of inquiry, plaintiff moved to amend his declaration so as to strike out his allegations that he was an employee of the insured at the time of the accident, and to insert instead that at the time he was acting gratuitously for said insured. The amendment was allowed, and on the same day a judgment was entered against the insured in favor of G. A. Watkins for $2,000.

Execution was issued under this judgment, which was returned nulla bona, and thereafter the present suit was filed against the company by G. A. Watkins, appellee here, to recover under the said policy. A peremptory instruction was granted against the company, and it has appealed, its defense to the action being that no notice was given it as required by the terms of the policy. The position taken by appellee is that the company had waived its right to notice by its previous correspondence, wherein it denied any liability to appellee, G. A. Watkins, and had stated further that it had closed its files in respect thereto.

The business of insurance, whether fire, life, health, or

accident, has become of great importance in the economic lives of our people. It is vitally requisite that all just claims shall be paid; and, on the other hand, in order to safeguard the solvency of insurers, it is vital that unjust claims shall be rejected. To the latter end, this court and and nearly all other courts in this country have steadily upheld all reasonable provisions in insurance contracts in respect to notice and proof of loss. In Downing v. Indemnity Co., 169 Miss. 13, 20, 152 So. 841, 842, this court said on that subject that the company is "entitled to have notice so that it might make proper investigation and prepare proper defense;" that this "is an important right, and the company had the right to provide for" it in the stipulations of its policy. And the court further held that there must be a compliance with such terms as to giving notice, else there could be no recovery either by the insurer or by any party to whose benefit the policy inures. Other cases in this court are to the same effect and there are none to the contrary.

The provisions of insurance contracts in respect to notices of loss or injury or of suits and the requirements thereunder are to be reasonably construed so as to conserve the real and true purpose of their presence in the contract. It follows, therefore, that it is only when, and not until, some claim of liability is presented which, under the terms of the claim, is within the coverage of the policy, that any notice of the particular claim is necessary. As already shown, when appellee made his statement to the company at the time of the original investigation, his statement, fairly construed, was that he was an employee of the insured at the time of the accident, and when he filed his declaration that status or attitude in respect to the accident was expressly reaffirmed. In that status he was expressly excluded from the coverage of the policy, and, so long as he continued in the assertion of that status, no notice of his claim to the company was necessary. So long as he remained in that status accord-

ing to his private and public statements, so far as communicated to the company, the latter had no concern with his claim, and any intrusion upon its part would have been as an interloper.

But an entirely different situation was presented when during the trial of the case against the insured, and for the first time, appellee switched his position and attitude and then for the first time asserted that he was not an employee, and for the first time asserted a state of facts which would bring him within the coverage of the policy, whereby for the first time the company had any legal interest in the litigation and when under the terms of the policy was entitled to notice, if the policy was to be subsequently involved.

The reasons and purpose of notice in accident insurance cases are substantially the same as in other insurance cases, and the same rules in material respects apply; and, as we have already indicated, the requirements of notice are as binding upon a beneficiary as upon the insured. As pointed out in Mutual Benefit Life Insurance Co. v. Newton, 89 U. S. 32, 22 Wall. 32, 22 L. Ed. 793, 795, there are many cases which hold that where, in the notice or proofs of loss, statements are made which, in a material or controlling respect, show certain facts, the claimant will not on the trial be allowed to show that the facts were different from those stated. The true rule, we think, applicable in principle to the case here before us, is declared in Travelers' Insurance Co. v. Melick, 8 Cir., 65 F. 178, 187, 27 L. R. A. 629, 634, that "statements of this nature in proofs of loss are binding and conclusive upon the party who makes them until, by pleading or otherwise, he gives the insurance company reasonable notice that he was mistaken in his statement, and that he will endeavor to show that the death was the result of a different cause from that stated in his proofs." See, also, 1 C. J., pp. 477, 478, and cases there cited.

As we have already noted, the statements of appellee,

both private and public as communicated to the company and so far as so communicated, were that he was an employee of the insured at the time of the accident. For the first time he took a different position and materially different position so far as the insurance policy was concerned, on the very day of the trial against the insured and, indeed, during the course of the trial itself. So far as the insurance company is concerned, he could not thus switch his position, without notice to the company thereof and a reasonable opportunity, after such notice, to investigate and prepare its defense; and it is admitted that he gave no such notice, nor did anybody else give such notice. Without such notice he is not entitled to recover.

In view of the facts stated, the contention of appellee that the insurance company had waived notice is obviously not tenable. It would seem hardly necessary to say that a party who presents a certain state of material facts to another may not rely upon a waiver by the latter as having any effect in regard to a materially different set of facts later asserted by the party claiming the waiver. See 67 C. J., p. 301.

If the alleged beneficiary, in a situation such as here presented, were allowed to prevail against the insurer, the lawful stipulations in insurance policies for notice and statement of loss or injury could be diverted from their proper purpose and turned into decoys to lead the insurer away from investigation and defense; would permit an alleged beneficiary who had procured the absence of the insurer in reliance upon the represented state of facts to move later and suddenly against it, without warning, upon another and a materially different set of facts, —essentially different so far as any liability of the insurer is concerned. This does not comport with the principles of judicial justice, and is not permissible. The insurance company was entitled to the peremptory charge requested by it. The judgment will be reversed, and judgment for appellant entered here.

Reversed, and judgment here for appellant.