## YOUNG v. TRAVELERS INS. CO.

### No. 9808.

Circuit Court of Appeals, Fifth Circuit.

May 23, 1941.

Rehearing Denied June 23, 1941.

Thos. L. Bailey and Lester E. Wills, both of Meridian, Miss., for appellant.

R. E. Wilbourn and J. C. Wilbourn, both of Meridian, Miss., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was for a declaratory judgment, that the insurer was not obligated to defend suits under or liable on, a policy of automobile insurance it had issued to one Roy Young as insured. Appellee was the plaintiff. The defendants were the insured and one Brand, who had sued Young for damages growing out of an alleged collision between Young's auto-

mobile and Brand's motorcycle on January 20, 1940.

The claim was that though obligated by Clause 6, the Notice of Accident Clause,[1] to give written notice to the company "as soon as practicable", upon the occurrence of an accident, the insured had not given notice until May 6, two and one-half months thereafter. The defense in general was, compliance with the provision. In particular it had two aspects. One was, that though insured had known on January 20, that an accident had happened in the vicinity of his automobile, he knew that he and his automobile had not been involved in it and reasonably believed that no claim was being or would be made that they were, and as soon as a claim had been made against him, he gave the notice. The other was; that the purpose and effect of the invoked clause was to provide timely notice to the insurer so that it could prepare its defense; that the notice had been given to it in time to do so, and no prejudice had resulted from the failure to give notice sooner; and that therefore, the provision of the policy had not been breached but had been substantially complied with.

The evidence showed without dispute that on January 20, 1940, the insured, a negro minister, was driving his automobile North on 16th Avenue in Meridian, Mississippi; that as he approached the intersection of 16th Avenue and 14th Street, Brand, a white man, on a motorcycle, headed East on 14th Street, came up to and crossed the intersection; that either, as Brand claims, being struck by insured's car, or as Young claims, passing the car without being struck, Brand skidded and turned over with resultant serious injuries which required his being taken to a hospital where he stayed for two months. It is also undisputed that Brand at the time of the accident charged Young with fault, in connection with it. Indeed Young himself testifies, "He remarked to me very kindly, 'You didn't look'." Young also testified that two white men who had driven up and who took Brand to the hospital, said referring to Young, "Go get his car number.", and further, that a friend said to him, "Reverend, those men are taking that man to the hospital. I don't know—there might be some hereafter and you had better call the law out." Following that advice, Young called police officers to whom he said: "I happened to see the accident. I wasn't connected with it and thought I would call you out so that if anything should occur, I could call on you." The story he told the officers at that time, that he didn't hit the motorcycle, he has consistently stuck to. But Brand claimed in his suit and there are witnesses who will testify that Young's car did hit him. It is also in evidence that on May 4, 1940, Young received a letter, from the attorney for Brand, making claim, and that shortly thereafter on May 6, 1940, he gave the company notice. On this record, defendant, contesting plaintiff's claim that breach of the notice provision was made out, made two claims. The first was that May 4th, when Young received notice that he was being claimed against and not January 20th, when the accident occurred, was the date when he became obligated to give notice, because until he got notice of the claim, Young did not know he was involved in the accident. The second was that, taking January 20th, as the controlling date, the condition of the policy was complied with both because the time from January 20th to May 6th, was not unreasonable in itself and because no prejudice from failure to give notice earlier appearing, the notice given was a substantial compliance with the purpose of the notice provision, to give the insured time and opportunity to prepare its defenses.

Upon the first issue, that May 4th instead of January 20th, was the notice date, the district judge found, that the assured believed that he was not involved in the accident and that no claim would be made against him. But he found further; that a reasonably prudent man, situated as Young was, would not be and therefore Young was not, justified in reaching the conclusion that the accident did not require notice; that the circumstances of the accident put upon him the duty of giving notice; and that the giving of the notice on the 6th or 7th of May was not giving it "as soon as practicable" "after the occurrence of the accident." Upon the

1 6. Notice of Accident. "Upon the occurrence of an accident written notice shall be given by or on behalf of the insured to the company or any of its authorized agents 'as soon as practicable.' Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

second issue, that no prejudice had resulted and there was substantial compliance even though January 20th be taken as the notice date, he found that it was necessary to show prejudice, that mere delay, of itself, would not be sufficient. But he found prejudice in the fact that when the insurer got the notice the claim had already gotten in to the hands of attorneys and that if it had gotten the notice earlier and, particularly before the claim had been put in the attorney's hands it might have been in a position to make a more advantageous settlement.

■ Appellant complaining that, instead of finding the facts specially and stating separately his conclusions of law thereon, as required by Rule 52, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the district judge merely filed an opinion, insists that the failure to so find the facts has made it difficult to properly present plaintiff's claim and that the case should be reversed for failure to so find. But his main reliance here is on the two propositions urged below: (1) That Young had no reason to believe that within the notice provision of the policy an accident had occurred until claim was made against him; and (2) that no prejudice resulted from failure to give earlier notice and there was therefore substantial compliance within the notice provision. In support of his first point, he insists that whether the facts surrounding the accident and known to the insured on and after January 20th, put him under the duty of reporting, should be determined by a subjective rather than an objective standard. So insisting, he argues; that the things that were said to Brand at the time of the injury to Young and the calling of the officers by Brand, were all consistent with Young's position, that though he and his automobile were not really involved in the accident, he might, because he was a negro, be unjustly subjected to persecution or attack; and that the district judge, having found that Young believed that he was not at fault and that no claim would be made against him, ought, measuring Young's duty by a subjective test, to have found that there was no breach of the agreement. We do not think that this will do. No authorities are cited, none we think can be, for the substitution here of a subjective and internal for an objective and external test. Chapin v. Ocean Accident & Guaranty Co., 96 Neb. 213, 147 N.W. 465, 52 L.R.A.,N.S., 227, does not so hold. It is a case merely of a special application of the general rule[2] to its particular facts. As the clause is written, the duty of giving notice is not measured in terms of good faith. As written it is absolute in form and though its rigid terms have been by court construction, mitigated by importing into them, considerations of reasonable prudence, there is no warrant in the decisions for importing into it the element of "the personal equation." Too much water has run over the dam since that legal robot, the reasonably prudent man, with his objective or external standard, became dominant in the law.[3]

[2] National Paper Co. v. Ætna Life Ins. Co., 170 Mo.App. 361, 156 S.W. 740; Maryland Casualty Co. v. Sammons, 5 Cir., 99 F.2d 323; Southern Surety Co. v. Heyburn, 234 Ky. 739, 29 S.W.2d 6; Ætna Life Ins. Co. v. Walley, 174 Miss. 365, 164 So. 16; Downing v. Home Indemnity Co., 169 Miss. 13, 152 So. 841; Employers' Liability Ins. Corp. v. Jones County Lbr. Co., 111 Miss. 759, 72 So. 152.

[3] The Germanic (Oceanic Steam Nav. Co. v. Aitken), 196 U.S. 589, 595, 25 S. Ct. 317, 318, 49 L.Ed. 610—"It is quite true that negligence must be determined upon the facts as they appeared at the time, and not by a judgment from actual consequences which then were not to be apprehended by a prudent and competent man. This principle nowhere has been more fully recognized than by this court. Lawrence v. Minturn, 17 How. 100, 110, 15 L.Ed. 58, 62; The Star of Hope, 9 Wall. 203, 19 L.Ed. 638. But it is a mistake to say, as the petitioner does, that if the man on the spot, even an expert, does what his judgment approves, he cannot be found negligent. The standard of conduct, whether left to the jury or laid down by the court, is an external standard, and takes no account of the personal equation of the man concerned. The notion that it 'should be coextensive with the judgment of each individual,' was exploded, if it needed exploding, by Chief Justice Tindal, In Vaughan v. Menlove, 3 Bing.N.C. 468, 475. And since then, at least, there should have been no doubt about the law. Commonwealth v. Pierce, 138 Mass. 165, 176, 52 Am.Rep. 264." Pollock, Torts, Pollock, May, 1906, page 125; Pollock to Holmes, February, 1909, page 149; Holmes—Pollock Letters, Harvard Press, 1941.

The district judge was right in applying the external or objective standard to this case and in declining to take Young's race and personal equation into account. We therefore reject as without merit, appellant's contention; that the facts surrounding the accident and known to Young were not sufficient to put him upon the duty of giving notice; that that duty arose only when he was actually claimed against by Brand's attorney; to come to his second contention, that, because there was no prejudice, there was no breach of the clause, with the consequent release of plaintiff from its obligation under the policy. Here, we think he stands on firm ground. The Mississippi Decisions clearly settle it that the notice provision in question is not an absolute one, to be given effect as upon an arbitrary time table. Its effect must be determined in the light of the situation existing both when the accident occurs and when the notice is given. They make it clear that it is for the protection of the insurer in preparing and making its defense, and it is effective to release the insurer from the obligations of the policy only where it appears, taking both the time of the accident and the time of the notice into view, that the failure to give notice was unreasonable in itself, or if not unreasonable in itself, was so unreasonable as that the insured has taken prejudice from the delay. The time words in the clause, "as soon as practicable" are not words of precise and definite import. They are roomy words. They provide for more or less free play. They are in their nature ambulatory and subject under the guiding rule, to the impact of particular facts on particular cases. They do not in terms require immediate notice or notice within a particular number of days. They may not be so construed. They do not even provide for notice "as soon as possible." In terms, they require notice "as soon as practicable" and they must be construed as requiring the notice within a reasonable time under all the circumstances, to effectuate the objects and purposes of the notice clause. Thus, in applying the clause, we think that if it is made to appear that the notice was given reasonably quickly after the occurrence of the accident, it will not be open to the company to prove, that a more immediate notice would have been more effective, in preparing their defense, for the time provisions of the clause would have been in effect literally complied with. On the other hand, if it appears that the giving of the notice has been delayed longer than was reasonably required physically to give the notice, then the material question would be whether that delay has caused prejudice. Here, speaking in terms of physical time, the notice could reasonably have been given sooner than it was. And, if it had been made to appear that prejudice resulted from the delay plaintiff's case would have been made out. Upon the vital question here, whether it has been prejudiced,[4] we think the record fails to support its claim and the district judge's finding that it was. It is not found nor is it shown that by reason of the failure to give earlier notice there was a loss of evidence or any difficulty raised up in the way of preparing the defense. It is only found that "when you take the circumstances of the delay, it probably might cause some prejudice," in depriving the company of the opportunity to talk to the injured party before he had employed an attorney. This speculative or hypothetical prejudice is not the kind of prejudice at which the law looks in construing a clause of this kind. An obligation of the nature of that assumed by the insurer under this policy, cannot be wiped out and destroyed on such speculative grounds. The delay here viewed merely from the time standpoint was more than was reasonably necessary but it was in no sense excessive or gross. In its nature it was one to which the doctrine of prejudice vel non has peculiar application. There was no prejudice. The notice clause was not breached. The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

Reversed and remanded.

HOLMES, Circuit Judge (specially concurring).

I concur in the result on the ground that there was no prejudice, but I do not think appellant failed to give notice of the accident as soon as practicable. By his conduct in not hastily giving notice or other-

4 Downing v. Indemnity Co., 169 Miss. 13–20, 152 So. 841; State Mutual, etc., Ins. Co. v. Watkins, 181 Miss. 859, 180 So. 78; Employer's Liability Assurance Corporation v. Jones County Lbr. Co., 111 Miss. 759, 72 So. 152; Ætna Life Ins. Co. v. Walley, 174 Miss. 365, 164 So. 16; Cf. Union Chevrolet Co. v. Arrington, 162 Miss. 816, 138 So. 593.

wise admitting any connection with the occurrence of the injury, I think the insured acted as an ordinarily prudent person would have done in the circumstances; but this is not the test in the construction of an insurance contract.

The question here is not what a reasonably prudent person would have done, but what the pertinent provisions of the insurance policy required of appellant. What was the intention of the contracting parties as evidenced by the policy itself? It provides that notice of the accident shall be given "as soon as practicable," and that, if claim is made or suit brought against the insured, he shall "immediately" forward the claim, notice, summons, or other process to the company. The requirement of two or more notices is significant, because thereby the policy itself has taken care to protect the insurer in the event of circumstances in which it was not practicable for the insured to give notice of an accident before claim was made or suit was brought against him.

The provision requiring notice upon the occurrence of an accident must be read in connection with the agreements of the policy. When this is done we see it is not every accident that must be reported, but only an accident "arising out of the ownership, maintenance or use of the automobile." The insurer agreed to defend any suit against the insured, even if such suit should be groundless, false, or fraudulent. The policy does not require notice of an accident which could only be the basis of a false, fraudulent, or groundless claim or suit; and the insurer is protected against such claim or suit by the provision that the insured shall immediately forward to the company every demand, notice, summons, or other process received by him or his representative.

We should not impose upon the appellant obligations not found in the policy. Notice that a false claim will probably be made is not required by any reasonable construction of the policy. Such notice would be an admission against interest which might be used prejudicially against the insured and the company.

The district court did not believe that the insured was guilty of any negligence that proximately caused the injury. On this point it was not positive and did not make a finding, but it found positively that there was no collision; that the insured reasonably believed that he was not at fault, that he was blameless, and that probably no claim would be made against him. In these circumstances the insured was not required to give notice until the claim was actually made.

The only truthful notice which appellant might previously have given would have been, in substance, that a motorcyclist passed his car, skidded, and may have been injured; that there was no collision; and that he believed no claim would be made, although the cyclist said to him very kindly, "You didn't look." This would have been an impractical and speculative notice. The policy does not require notice of this kind. Indemnity contracts cover the daily lives of practical people. It was not practicable for appellant to give notice of an accident arising out of the use of his automobile when he reasonably believed, as the court below found, that no such accident had occurred and that probably no such claim would be made against him.