Desmond, J. (dissenting).
This suit was brought under section 167 of the Insurance Law to recover from defendant as insurer of one Lasigna the amount of an unpaid judgment obtained by plaintiff against Lasigna because of injuries sustained by plaintiff through Lasigna’s negligence. The only question in this suit was whether the insured had given to defendant, as the policy required, written notice of the accident “ as soon as practicable ”. Defendant called no witnesses. Plaintiff testified, as did the insured Lasigna and a Mrs. Cassullo who was the latter’s cousin and housekeeper. None of them testified with complete clarity or precision perhaps because none of them was fluent in the English tongue and they were all unfamiliar with insurance practice and terminology. From their testimony, however, the jury could have worked out this chronology:
February 12, 1951 — plaintiff was injured on the stairs of defendant’s house but there is no proof that plaintiff ascribed *132 Ms later-developed back condition to the fall or told Lasigna that it had been so caused.
June, 1951 — plaintiff went to the hospital and at that time, or shortly before that, plaintiff told Lasigna that a physician had said on or about May 28, 1951 that plaintiff’s condition was due to the fall. On receiving that information Lasigna’s housekeeper at Lasigna’s request telephoned defendant about the matter and took the insurance policy to defendant’s office.
July 11, 1951 — letter sent by plaintiff’s attorney to Lasigna concerning a claim against Lasigna for plaintiff’s injuries.
July 18, 1951 — assured Lasigna gave defendant written notice on a blank furmshed by defendant. Some days earlier Mrs. Cassullo, representing the insured, had gone to defendant’s office and showed defendant’s representative the July 11th letter from plaintiff’s attorney.
July, 1951 — defendant’s representatives visited the premises, interviewed the insured, took pictures, etc.
October 3, 1951 — defendant obtained a physical examination of plaintiff.
October 22, 1951 — defendant by letter to its insured disclaimed liability because of delay in notice.
“ As soon as practicable ” are “ roomy words * * * subject * * * to the impact of particular facts on particular cases ” and “ requiring the notice within a reasonable time under all the circumstances ” (Young v. Travelers Ins. Co., 119 F. 2d 877, 880). Our court has consistently held that, when an excuse is shown for the delay, a question of whether notice was given “as soon as practicable ” is one of fact for the jury (Rushing v. Commercial Gas. Ins. Co., 251 N. Y. 302, 304; Gluck v. London & Lancashire Ind. Co. of America, 2 N Y 2d 953). The jury on the facts of this ease were authorized to find, as they did, that the delay was excusable.
Bazar v. Great Amer. Ind. Co. (306 N. Y. 481) is not relevant. There no written notice at all was given until after institution of suit two years after the accident.
The judgments should be affirmed, with costs.
Dye, Fuld, Froessel and Van Voorhis JJ., concur with Burke, J.; Desmond, J., dissents in an opinion in which Conway, Ch. J., concurs.
Judgments reversed, etc.