COURTNEY *v.* STAPP, et al.

No. 40673          February 17, 1958          100 So. 2d 606

*Lee V. Prisock,* Jackson, for appellant.

*Wells, Thomas* & *Wells*, Jackson, for appellees.

GILLESPIE, J.

On May 6, 1955, appellant sustained personal injuries in a collision between an automobile driven by Mrs. Evelyn Stapp, appellant's sister-in-law, and in whose vehicle appellant was riding as a guest, and another vehicle owned by Roy P. Collins and driven by Catherine Ann Collins. Mrs. Stapp was covered by an automobile liability policy issued by appellee, Allstate Insurance Company, to Mrs. Stapp's husband on the automobile driven by Mrs. Stapp at the time of the collision. The accident was promptly reported to appellee, who referred the matter to Crawford & Company, adjusters, to handle for appellee, and on May 12, 1955, appellant executed a covenant not to sue Mrs. Stapp for a consideration of $10.00. On June 20, 1955, appellant's attorney wrote appellee, stating he represented appellant, and that if he did not hear from appellee within a reasonable time legal action would be taken against Mrs. Stapp to enforce appellant's claim.

On August 10, 1955, appellant filed suit in the Circuit Court of Hinds County against Mrs. Stapp, Roy P. Collins, and Catherine Ann Collins. Mrs. Stapp was served with summons returnable the first Monday in September, 1955. On August 15, 1955, five days after suit had been filed, appellant wrote appellee returning therewith the $10.00 draft and requesting the return of the release. No mention was made that suit had been filed. Appellee answered this letter on August 22, 1955, declining to return the covenant not to sue and returning the draft to appellee. The case was settled as between appellant and Roy P. and Catherine Ann Collins, and the suit was

dismissed as to the last named parties on November 14. It remained a pending case against Mrs. Stapp. On December 12, 1955, a default judgment was entered in favor of appellant against Mrs. Evelyn Stapp. The term of court adjourned on December 16, 1955. On January 3, 1956, an execution was issued on the judgment and returned "nulla bona" on February 8, 1956.

On February 15, 1956, upon suggestion being filed by appellant, a writ of garnishment was issued and served on appellee. The answer of appellee denied any indebtedness to Mrs. Stapp, and then set forth the fact of the existence of the automobile liability policy to Mrs. Stapp's husband, and the happening of the accident on May 6, 1955, the subsequent suit by appellant, the requirement that Mrs. Stapp give notice to appellee of the suit in order for Mrs. Stapp to avail herself of the protection of said automobile liability policy; that no notice of any kind was given to appellee, or any one connected with appellee, of appellant's suit. Appellant contested appellee's answer and issue was joined on the question of Mrs. Stapp's compliance with the provisions of the policy with reference to forwarding the summons to appellee.

The issues were tried by the circuit judge without a jury. He found that while appellee received notice of the accident, and knew appellant was represented by counsel, no actual notice was given appellee by Mrs. Stapp, or anyone else, of the pendency of the suit filed by appellant. This finding was supported by the overwhelming weight of the evidence. Mrs. Stapp had numerous telephone conversations with appellee's adjuster after she was served with summons in August, 1955, but she never forwarded the summons or told him that she had actually been sued and that summons had been served on her. Appellee's adjuster advised Mrs. Stapp, when she told him that she had heard through family sources that the suit might be called up without her knowledge, that she would have to be notified by sum-

mons, and that when she received such summons to let the adjuster know about it and the insurance company would furnish a lawyer to defend her. The evidence is uncontradicted that appellee stood ready to defend Mrs. Stapp if appellee received notice that suit was filed, and that the first notice appellee had that appellant had filed suit was February 8, 1956, long after appellant's judgment against Mrs. Stapp had become final.

■ ■ It is conceded by appellant that there was no privity between appellant, the injured party, and appellee, the insurer, and that appellant's rights, if any, are derived from the insured, and appellant's rights are no greater than those of the insured. ■ ■ It follows that unless Mrs. Stapp complied with the terms of the policy issued by appellee so as to entitle Mrs. Stapp to the protection of the policy, appellant has no rights to the proceeds of the policy. Downing v. Home Indemnity Co. of New York, 169 Miss. 13, 152 So. 841; Travelers' Indemnity Co. v. Holiman, 174 Miss. 220, 164 So. 36.

The automobile liability policy here involved provided:

". . . .2. *Notice*: In the event of accident occurrence or loss, written notice containing all particulars shall be given by or for the insured to Allstate as soon as practicable, and in case of theft the insured shall also promptly notify the police. *If claim is made or suit is brought against the insured, he shall immediately forward to Allstate every demand, notice or summons received by him or his representative.*" (Emphasis added)

"6. *Action against Allstate*: No action shall lie against Allstate, under any Coverage, until after full compliance with all the terms of this policy, nor, as respects Coverages A. and B., until the amount of the insured's obligation to pay shall have been finally determined by judgment against the insured, after actual trial."

■ ■ The failure of the insured to comply with the provisions of the policy with reference to forwarding to

appellee the summons served on her in the suit filed by appellant relieved the insurer of liability to pay the judgment rendered by default and without the knowledge of the insurer. The policy imposed liability on appellant to defend all suits against Mrs. Stapp, and, within the limitations of the policy, to pay any judgment rendered against her. The policy provided that Mrs. Stapp forward to appellee any summons received by her. This latter provision was a valid, reasonable and binding requirement, and was necessary to provide appellee with notice of the suit so as to enable it to protect Mrs. Stapp and itself. State Mutual, etc., Insurance Co. v. Watkins, 181 Miss. 859, 180 So. 78; 8 Appleman, Insurance Law and Practice, 126; Donlon v. American Motorists Insurance Co., 147 S. W. 2d 176 (Mo.). There was neither strict compliance, substantial compliance, nor attempt to comply, with the provisions of the policy; and appellee knew nothing of the pendency of the suit until it was too late to defend it.

■■ ■ Appellant argues that by denying liability to appellant and in failing to reply to her attorney when he gave notice that he represented appellant and would take legal action if settlement was not made, constituted a waiver of the provisions with reference to forwarding the summons. Appellant was an adverse party, and it does not constitute a waiver of the provisions of a policy for the insured to deny liability to the person making claim against the insured. It would be another matter if the insurer had advised Mrs. Stapp that it denied coverage, but the proof conclusively shows that appellee repeatedly assured Mrs. Stapp that it was ready at all times to defend any suit filed against her by appellant. Under these circumstances there was no waiver. Appellant's authorities do not apply to the present case.

Affirmed.

*Roberds, P. J.,* and *Kyle, Arrington* and *Ethridge, JJ.,* concur.