**BOLIVAR COUNTY BOARD OF SUPERVISORS, Plaintiff-Appellant,**

v.

**FORUM INSURANCE COMPANY, Defendant-Appellee.**

No. 85–4220.

United States Court of Appeals, Fifth Circuit.

Jan. 6, 1986.

Jacobs, Griffith, Eddins & Povall, Benjamin E. Griffith, Cleveland, Miss., for plaintiff-appellant.

W.O. Luckett, Jr., Clarksdale, Miss., for defendant-appellee.

Before GOLDBERG, RANDALL, and JOHNSON, Circuit Judges.

JOHNSON, Circuit Judge:

In this diversity action, the Bolivar County Board of Supervisors ("Bolivar County") seeks to recover from its insurer, Forum Insurance Company ("Forum"), the costs, expenses, and attorneys' fees incurred in defending a civil rights lawsuit. The district court granted summary judgment in favor of the insurer, holding that the insured failed to comply with the notice provision of the policy, which was a condition precedent to coverage. This Court affirms.

## I. FACTS AND PROCEDURAL HISTORY

### A. *Facts*

The material facts are not in dispute. Bolivar County had in effect a public officials' liability insurance policy issued by Forum. The policy contained the following provision: "The Public Entity or any Insureds, or the named designees *shall, as a condition precedent to their rights under this policy,* give the Company notice in writing *as soon as practicable* of any claim made and shall give the Company such information and cooperation as it may reasonably require." Record Vol. 1 at 10 (emphasis added).

---

**1.** The following deposition testimony concerning the September 1984 notice to Mitchell was given by Wayne Cole, the Bolivar County Administrator:

Q: Did you discuss with [Mitchell] on the phone the potential coverage of any insurance policy?
A: [Cole] I asked him at that time, on the telephone, if the suit that had been filed against us—would it—is it possible that we had any coverage that would cover a suit like that.
Q: Uh-hum. What was his response?
A: His response was he didn't think so.
Q: Uh-hum.
A: He indicated that he thought this kind of insurance covered errors and omissions as opposed to a civil rights discrimination suit, so ...
Q: Did he mention that since there were no claims for damages that he didn't think it would cover it, or did he simply say "covered errors and omissions"?

On June 27, 1983, a civil action was filed against Bolivar County challenging redistricting plans for the county's five supervisor districts. On July 5, 1983, Bolivar County employed its regular attorney to represent it in the pending lawsuit. Later, in September 1983, Wayne Cole, the Bolivar County Administrator, contacted Ned Mitchell, the county's insurance agent, to inquire whether the lawsuit was covered under the Forum policy. Mitchell is the sole shareholder of Bolivar Insurance Agency, an independent insurance agency. Mitchell was of the opinion that coverage was not afforded under the policy since no damages were sought, and since the suit sought to redress civil rights discrimination as opposed to errors or omissions.[1] Mitchell later testified by way of deposition that he was not the general agent of Forum, and that there was no agency contract between Forum and himself.[2]

Taking no further steps to ascertain whether there was coverage under the policy, Bolivar County proceeded to defend against the civil rights action before the United States District Court for the Northern District of Mississippi. At the conclusion of the evidence, on October 11, 1983, proposed findings of fact and conclusions of law were filed by the respective parties.

---

A: I don't recall him saying "damages." He just—I just recall him saying that—errors and omissions—that this wasn't that type of suit.
Q: Okay. After speaking with him on the phone, did you drop the subject, or did you go meet with him, or what did you do?
A: I dropped the subject.
Q: Did you bring up at the next Board of Supervisors meeting the fact that you had addressed this issue to Ned Mitchell?
A: No, sir. I don't believe I did.
Record Vol. 1 at 126–27.

**2.** As a result, Bolivar County does not contend on appeal that the notice it orally gave to Mitchell was sufficient notice under the policy. Moreover, the policy specifically required written notice to be given to Forum at its Chicago, Illinois, address. Such specific notice requirements may well be given effect under Mississippi law. *See Prassel Enterprises, Inc. v. Allstate Ins. Co.,* 405 F.2d 616, 619–20 (5th Cir.1968); *cf.* Comment, *Insurance Notice Clauses in Mississippi,* 44 Miss. L.J. 947, 951 (1973).

It was not until November 28, 1983, after an informal meeting with Mitchell, that Bolivar County's attorney wrote to Bolivar Insurance Agency inquiring about coverage and explaining the nature and extent of the legal proceedings to that date. Mitchell then mailed Bolivar County's letter to Forum, requesting that Forum reply directly to the county's attorney regarding coverage under the policy. Forum received the written notice on December 2, 1983, and thereafter informed the county's attorney that the defense of the civil rights action was assigned to the law firm of Campbell and DeLong in Greenville, Mississippi, and requested that copies of all papers filed in that case be submitted to Campbell and DeLong.[3] Forum expressly stated, however, that it was providing assistance in the defense of the lawsuit subject to a reservation of its rights under the policy on the basis of "late notice."[4] At the time Forum received notice of the claim, Bolivar County had incurred attorneys' fees and court costs of approximately $88,000.

On February 14, 1984, the federal district court entered an order approving the county's redistricting plan but retained jurisdiction to enter further orders after preclearance of the plan by the Attorney General. An appeal by the civil rights plaintiffs was later dismissed by this Court. *Lucas v. Bolivar County*, 756 F.2d 1230, 1232 (5th Cir.1985). Bolivar County settled all attorneys' fees requests made by the civil rights plaintiffs, and at all times kept Forum's attorneys apprised of the negotiations and settlement offers. On May 8, 1984, Forum denied payment asserting that the policy did not cover the litigation costs and expenses and that Bolivar County failed to comply with the notice provisions of the policy.

**3.** Because of the large volume of documents that had already been accumulated in the case file, Forum instructed Campbell and DeLong to act only in a monitoring capacity.

**4.** Forum stated:
In our earlier phone conversation you failed to mention the case had been tried and both

## B. *Procedural History*

On July 25, 1985, Bolivar County brought this suit against Forum. Before trial, Bolivar County moved for summary judgment on the grounds that adequate notice was given to Forum, or, alternately, that the delay was excusable or waived by Forum and Forum suffered no prejudice. Forum responded by filing a cross-motion for summary judgment. The district court granted Forum's motion. The district court held that the delay in giving notice to Forum was unreasonable and that it was immaterial whether Forum was prejudiced by the late notice, because the timely notice provision was a condition precedent to Forum's liability. In addition, the court held that Bolivar County's delay was not excused because the county's reliance on Mitchell's initial opinion was a result of its own negligence. Finally, the court held that Forum did not waive the notice requirement because it made an express and extensive reservation of its rights under the policy at the time it undertook the defense of the civil rights litigation.

Several issues are presented for our review. First, this Court must determine whether, under the circumstances of this case, notice was given "as soon as practicable," and if not, whether the delay was excusable under the circumstances. This Court also must determine whether Bolivar County's failure to provide notice to Forum "as soon as practicable" in and of itself relieves Forum of its obligations under the policy without a showing of actual prejudice. We note that Bolivar County does not contend on appeal that the notice to Mitchell constituted notice to the insurance company; the county does not argue that Mitchell was Forum's general agent or that he had any authority, legal or apparent, to

sides have filed proposed Findings of Fact and Conclusions of Law. This, of course, is another reason why the Company has reserved its rights and *hereby extends the reservation of rights for "late notice."* It is our position that our rights may be prejudiced. Record Vol. 1 at 135 (emphasis added).

bind Forum or waive express provisions of the policy.[5] *See supra* note 2, at 1082.

## II. DISCUSSION

### A. *Unreasonable Delay*

Bolivar County argues that the district court erred in concluding that the notice was unreasonably delayed. The notice provision in the Forum-Bolivar County policy provided:

> [T]he Public Entity or any Insureds, or the named designees shall, *as a condition precedent to their rights under this policy,* give the Company [Forum] notice in writing *as soon as practicable* of any claim made and shall give the Company such information and cooperation as it may reasonably require.

Record Vol. 1 at 10 (emphasis added).

The Mississippi Supreme Court has, on a number of occasions, considered insurance policies requiring notice of claims "as soon as practicable." When an insurance policy requires as a condition precedent that notice be given to the insurer "as soon as practicable," such notice must be given within the time agreed upon unless the insured offers a reasonable excuse. *Harris v. American Motorist Insurance Co.,* 240 Miss. 262, 126 So.2d 870, 873 (1961). The words in the clause "as soon as practicable" are considered to be "roomy words" that "provide for more or less free play." *Young v. Travelers Insurance Co.,* 119 F.2d 877, 880 (5th Cir.1941) (applying Mississippi law). The words do not require immediate notice or notice within a particular number of days, nor do they even provide for notice " 'as soon as possible.' " *Id.*

The words must be construed, however, to give effect to the purpose of the notice clause. A notice clause

"[c]onfer[s] a valuable right upon [an insurer], the purpose of which [is] to enable it to investigate a claim against the [insured] [which may be] covered by the policy; to *itself* decide whether the claim should be settled without litigation, and, if not, to *prepare its defense* thereto...."

*Aetna Life Insurance Co. v. Walley,* 174 Miss. 365, 164 So. 16, 19 (1935) (emphasis added).

■ Even giving Bolivar County the complete benefit of the generous construction provided by Mississippi jurisprudence, its delay in giving Forum notice was unreasonable. Here, written notice was not given to Forum until five months after the civil rights suit against Bolivar County had been filed. The action had been litigated by Bolivar County's chosen counsel, and not by Forum's as would have been the case if notice was timely. Finally, the case had already been submitted to the district court for decision. Given these undisputed facts, this Court does not see how it can be said that the notice to Forum gave effect to the purposes of the notice clause. Thus, the district court did not err in holding "that the Board's five-month delay ... was clearly unreasonable," and that "no competing inferences as to reasonableness can be drawn." Record Vol. I at 218.[6]

### B. *Excusable Delay*

Next, Bolivar County argues that the district court erred in holding that Bolivar County's delay was not excusable under the circumstances. Bolivar County contends it relied upon Mitchell's opinion in September 1984 that coverage was not provided under the policy, and therefore, it is excused for filing a delayed notice. The

---

**5.** For the purposes of this appeal we do not consider Mitchell to have the authority to bind Forum in any manner. The applicability of Miss.Code Ann. § 83–17–1 (1972) has not been raised by either party and is not before the Court.

**6.** The district court made the finding as to "competing inferences" because whether delay is unreasonable normally is a fact to be resolved by a jury. *See Harris v. American Motorist Ins. Co.,* 240 Miss. 262, 126 So.2d 870, 874 (1961). This determination was made on cross-motions for summary judgment. On motions for summary judgment, a court must draw all reasonable inferences in favor of the non-moving party. *Hood v. Tenneco Texas Life Ins. Co.,* 739 F.2d 1012, 1014 (5th Cir.1984). Drawing all reasonable inferences in favor of Bolivar County, the delay was unreasonable.

district court rejected this argument, reasoning that Bolivar County's reliance upon Mitchell's opinion was negligent because Mitchell had no authority to bind Forum and because the policy expressly provided that notice of all claims must be given to the company itself at its specified address.

■ Under Mississippi law, delay in giving notice is excusable under certain circumstances, but such delay must have occurred without fault or negligence on the part of the insured. *Harris v. American Motorist Insurance Co.*, 240 Miss. 262, 126 So.2d at 873; *Aetna Life Insurance Co. v. Walley*, 174 Miss. 365, 164 So.2d at 19. Here, Bolivar County has offered no other excuse except for its reliance upon Mitchell's equivocal belief that there was no coverage under the policy. *See supra* note 1, at 1082. Bolivar County made no attempt to notify Forum concerning the lawsuit until the trial of the civil rights action had been concluded some five months after suit was filed. These undisputed facts, along with the reasons noted by the district court, do not create circumstances which excuse a failure to comply with the notice provisions of the policy.

### C. *Prejudice*

Finally, Bolivar County argues that the district court erred in refusing to consider whether Forum was actually prejudiced by the delayed notice. The district court held that the policy made compliance with the notice provision a condition precedent to coverage, and thus prejudice, or lack of it, resulting from noncompliance was of no consequence since Bolivar County failed to meet a material requirement for recovery under the contract. This Court agrees with the district court's analysis of the applicable facts and law.

In *Hood v. Fireman's Fund Insurance Co.*, 412 F.Supp. 846, 852 (S.D.Miss.1976) (applying Mississippi law), the court noted that when there is no stipulation in a policy making notice a condition precedent to recovery, the insured's failure to comply with the notice provision does not relieve the insurer of its liability unless it has suffered prejudice. Nevertheless, if the policy requires notice as a condition precedent to recovery and notice is unreasonably delayed, then the insured has failed to meet a material requirement under the policy and an inquiry into prejudice is unnecessary. *See also Hartford Accident & Indemnity Co. v. Hattiesburg Hardware Stores, Inc.*, 49 So.2d 813, 819 (Miss. 1951); *Employers' Liability Assurance Corp. v. Jones County Lumber Co.*, 111 Miss. 759, 72 So. 152 (1916).

Some inconsistency, however, has appeared in the application of these principles. In *Harris v. American Motorist Insurance Co.*, 240 Miss. 262, 126 So.2d 870, 875 (Miss.1961), and *Hague v. Liberty Mutual Insurance Co.*, 571 F.2d 262, 267 (5th Cir.1978) (applying Mississippi law), both courts discussed prejudice in the context of notice provisions that were conditions precedent to the contract.

Each case may be explained, however. In *Harris*, the Mississippi Supreme Court discussed the insured's argument that the insurer had not been prejudiced, but that discussion occurred in the context of the insured's assertion that the insurer had *waived* the notice requirement and was therefore estopped to assert it as a defense. 126 So.2d at 874, 875–76.

In *Hague*, this Court considered an insurance policy requiring, as a condition precedent to coverage, notice "as soon as practicable." This Court held that the insured's giving of notice two years after an automobile accident was unreasonably delayed, and that a finding of prejudice was implicit in the district court's opinion. *Id.* at 267. Although *Hague* suggests that a finding of actual prejudice is required even when notice is a condition precedent to coverage, we do not construe *Hague* as adopting that view. The applicable language in *Hague* was an alternate holding and there is no indication that the Court in *Hague* considered or decided the question now before this Court. *Id.* at 264–65. In particular, the Court did not discuss the explicit holdings of the Mississippi Supreme Court in *Hartford Accident & Indemnity Co. v.*

*Hattiesburg Hardware Stores* and *Employers' Liability Assurance Corp. v. Jones County Lumber Co.*[7]

█ The policy here clearly and expressly provided that the giving of notice "as soon as practicable" was a condition precedent to recovery. In view of the controlling Mississippi precedent, which this Court is bound to follow under *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), Forum was not required to prove that it suffered actual prejudice from Bolivar County's unreasonably delayed notice.

### III. CONCLUSION

In conclusion, the district court did not err in holding that the delay was unreasonable, and that Bolivar County was not excused from complying with the notice provision. Further, the court correctly held that Forum was not required to prove actual prejudice upon Bolivar County's failure to provide notice within a reasonable time. The district court's grant of summary judgment is in all respects

AFFIRMED.

---

7. In discussing the prejudice inquiry, this Court relied on *Young v. Travelers Ins. Co.,* 119 F.2d 877 (5th Cir.1941), for the proposition that the prejudice inquiry was part of the determination of whether the delay was unreasonable.

  In *Young,* the Court stated:

    [I]f it appears that the giving of the notice has been delayed longer than was reasonably required physically to give the notice, then the material question would be whether that delay has caused prejudice.

*Young,* 119 F.2d at 880; *see Hague,* 571 F.2d at 267. Relying on that language, the *Hague* Court determined that the insured's delay in that case was unreasonable because the insurer was prejudiced.

*Hague,* however, involved a notice provision that was a condition precedent. *Young,* on the other hand, did *not* involve a contract that made the notice provision a condition precedent. Thus, *Young* discussed prejudice to the insurer at the same time that it conducted its reasonable delay inquiry, and that approach correctly applied Mississippi law to the facts in *Young.* The *Hague* Court failed to note the dichotomy drawn in Mississippi between those cases involving notice provisions that are conditions precedent, and those that are not. *Hague,* therefore, provides little support for Bolivar County in the instant case.