Myrtle B. WEST, Administratrix of the Estate of Barbara C. Ensor, Plaintiff,

v.

BANKERS AND SHIPPERS INSURANCE COMPANY OF NEW YORK, Defendant.

No. WC83–178–NB–D.

United States District Court, N.D. Mississippi, W.D.

Sept. 12, 1986.

John Booth Farese, Ashland, Miss., for plaintiff.

Shelby D. Goza, Oxford, Miss., for defendant.

## MEMORANDUM OPINION

BIGGERS, District Judge.

The present cause comes before the court on the cross-motions for summary judgment filed by the parties hereto on the issue of whether the defendant insurance company is obligated to satisfy the default judgment entered against its insured on August 18, 1980 in favor of the plaintiff. Upon consideration of the motions and the memoranda submitted in support thereof, and being fully advised in the premises, the court is now in a position to rule on the motions.

The pertinent facts are undisputed. Ace Freight Line, Inc. (Ace), an interstate trucking firm doing business in Mississippi, procured an insurance policy from Bankers and Shippers Insurance Company of New York (Bankers) for the period beginning October 1, 1977. The insurance was purchased pursuant to Miss.Code Ann. § 77-7-87 (1972) which requires all interstate carriers doing business in Mississippi to purchase liability insurance coverage conditioned to pay any final judgment against such carrier for any personal injury resulting from the operation of the carrier's motor vehicles.

On April 10, 1978, Carol Ensor (Ensor) was injured in a motor vehicle collision involving a tractor-trailer owned by Ace and driven by its employee, James L. Young. As a result of the collision and her alleged consequent injuries, Ensor brought suit against Young and Ace in the Circuit Court of Marshall County, Mississippi on August 13, 1978. Proper process was made on both defendants. Neither Young nor Ace entered an appearance in that action and default judgment was entered in favor of Ensor against both defendants in the amount of $9,999.99 together with post-judgment interest of 8% per annum.

On December 20, 1980, Ensor died intestate of causes unrelated to the accident and Myrtle West was appointed administratrix of Ensor's estate. The attorney for the estate, on November 17, 1981, wrote a letter informing Bankers of the default judgment and demanding payment under the policy issued to Ace. Bankers denied that it was obligated to satisfy the judgment entered against its insured and West filed the instant action on behalf of Ensor's estate against Bankers in the Circuit Court of Marshall County, Mississippi. The defendant then removed the cause to this court.

In support of its motion for summary judgment, the defendant makes reference to a clause in the subject insurance policy which requires the insured to give notice to the insurer as soon as there is an accident or a suit filed against the insured. The policy states in pertinent part:

4. Insured's Duties in the Event of Occurrence, Claim, or Suit

(a) In the event of an occurrence, written notice containing particulars sufficient to identify the *insured* and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable.

(b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

The above clause, which is expressly made a condition precedent to any action filed directly against the insurer, obligates the insured to give notice "as soon as practicable" after an accident and also places a duty on the insured to forward to the insurer any notice of suit which the insured may receive. The defendant contends, and there is no evidence to suggest otherwise, that its insured failed to provide it notice of the original state court action resulting in the default judgment and that it first received notice of the suit on November 17, 1981, more than a year after the default was entered. The issue before the court is therefore whether the failure of the insured to give notice of the proceedings to the insurer bars the plaintiff in this action from seeking payment under the insurance policy.

According to the applicable Mississippi law on this subject, where an insurance policy requires that notice be given to the insurer as soon as practicable, such notice must be given within the time agreed upon unless the insured offers a reasonable excuse for the delay. *Harris v. American Motorist Insurance Co.*, 240 Miss. 262, 126 So.2d 870, 873 (1961). The phrase "as soon as practicable" is of course vague in terms of defining the time frame in which notice is to be given and thus the cases which have considered the effect to be given such clauses unanimously agree that the phrase "as soon as practicable" is to be liberally construed in favor of the insured. "The words do not require immediate notice or notice within a particular number of days, nor do they even provide for notice 'as soon as possible.'" *Bolivar County Board of Supervisors v. Forum Insurance Co.*, 779 F.2d 1081, 1084 (5th Cir.1986) (applying Mississippi law). *See also Young v. Travelers Insurance Co.*, 119 F.2d 877, 880 (5th Cir.1941) (applying Mississippi law). Therefore, the test of whether notice was given "as soon as practicable" is essentially one of reasonableness. *Hague v. Liberty Mutual Insurance Co.*, 571 F.2d 262, 265 (5th Cir.1978) (applying Mississippi law).

An examination of the reasonableness of a delay in giving notice must be made in light of the purpose underlying the notice clause. As stated by the Mississippi Supreme Court in *Aetna Life Insurance Co. v. Walley*, 174 Miss. 365, 164 So. 16, 19 (1935), a notice clause "confers a valuable right upon an insurer, the purpose of which is to enable it to investigate a claim against the insured which may be covered by the policy; to itself decide whether the claim should be settled without litigation, and, if not, to prepare its defense thereto."

■ Upon consideration of the facts in the instant case, the court finds that the notice received by Bankers on November 17, 1981 was unreasonably delayed. Notice was sent to Bankers, not by its insured but rather by the plaintiff in this action, three years after the original state action was filed and a year and a half after entry of the default judgment. Further, at the time notice was received the parties to the original state court action were no longer available. Thus, it cannot be said that the notice eventually received by Bankers served to effectuate the purpose of the notice clause.

■ Although the defendant insurance company has also made a showing of prejudice, the court finds that where a notice clause is expressly made a condition precedent to recovery under the policy, as it is in the policy now under consideration, an inquiry into prejudice is unnecessary. *See*

*Hartford Accident & Indemnity Co. v. Hattiesburg Hardware Stores, Inc.*, 49 So.2d 813, 819 (Miss.1951); *see also Hood v. Fireman's Fund Insurance Co.*, 412 F.Supp. 846, 852 (S.D.Miss.1976) (applying Mississippi law).

██ Because it is the law in Mississippi that an unreasonable delay in providing notice to the insurer will bar the insured and third parties from recovering under the policy, the present plaintiff is barred from maintaining the instant action. *See Hague,* 571 F.2d at 267.

Based on the foregoing, the court finds that the defendant's motion for summary judgment is well taken and should be granted and that plaintiff's motion for partial summary judgment is therefore not well taken and should be denied.

Let an order issue accordingly.