[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is an action in which the plaintiffs claim entitlement to the payment of certain insurance benefits under a health insurance plan in connection with the birth and hospitalization of two children. The plaintiffs claim they were covered for medical expenses through their employer, JT Shell, Inc. under group policy G-103206, written by the defendant United States Life Insurance Company.
The first, second, fourth and fifth counts of the complaint concern the defendant insurance company. The first and second counts allege breaches of the contract of insurance. The fourth count alleges a violation of General Statutes Section 38-60 et seq. (now codified as Section 38a-815 et seq.), known as "CUIPA". The fifth count alleges a violation of General Statutes Section 42-110b, known as "CUTPA."
The defendant insurance company has moved to strike these counts on the basis that the subject matter of these counts is governed by the Employee Retirement Income Security Act, known as "ERISA," and specifically that 29 U.S.C. § 1144(a), et seq., provides that ERISA preempts all such state law claims. The defendant claims, consequently, that this court has no subject matter jurisdiction.
In the alternative, the defendant moves to strike the fourth count and fifth counts on the claim that the plaintiffs have not alleged sufficient facts to state a claim for violation of CUIPA, or a violation of CUIPA under CUTPA, because there has been no allegation demonstrating a general business pattern or practice in violation of CUIPA.
As the defendant contends, the United States Supreme Court has stated that: "ERISA comprehensively regulates, among other things, employee welfare benefit plans, that `through the purchase of insurance or otherwise', provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability or death." Pilot Life Insurance Company v. Dedeaux, 481 U.S. 41, 44
(1987). ERISA itself expressly provides that it shall supersede all state laws that relate to any employee benefit plan, except for any state laws which regulate Insurance. 29 U.S.C. § 1144(a),1144(b).
On the other hand, as the plaintiffs contend, to be an employee benefit welfare plan under ERISA, an employer or employee organization, or both must establish or maintain the plan, fund or CT Page 9379 program. The Department of Labor has issued regulations, 29 C.F. R. 25010.3-1(j), which exclude certain plans from the "employee welfare benefit plan" regulated by ERISA. Among the excluded plans are those group insurance programs offered by an insurer to employees under which no contributions are made by an employer or employee organization; where participation is voluntary for employees or members; where the function of the employer or employee group is to publicize the program, to collect premiums and to remit them to the insurer; and, where the employer or employee group receives no compensation from the insurer except what is reasonable for the effort to collect and remit the premium.
Thus, merely purchasing insurance does not mean that the program is an employee welfare benefit plan under ERISA. Donovan v. Dillingham, 688 F.2d 1367, 1375 (5th Cir. 1980) cert. denied450 U.S. 1030 (1981); Taggart Corp. v. Life and Health Benefits Admin., Inc., 817 F.2d 1208, 1211 (5th Cir. 1980) cert. denied 450 U.S. 1030
(1981).
The defendant, in its brief, concedes that the regulations would exclude from ERISA's provisions a plan where only advertisement of insurance or a mere purchase of insurance by the plaintiffs' employer and nothing more was involved. The defendant, however, asserts that the plaintiffs have not alleged that the policy under which they claim recovery was one where the employer merely furnished publicity or the mere purchase of insurance and, therefore, excluded from ERISA's comprehensive regulatory provisions.
The plaintiffs, on the other hand, urge that they have pleaded only a breach of contract. That the motion to strike must be determined based upon the pleadings and the defendant's effort to establish that the insurance policy is an employee benefit plan under ERISA and not an excluded plan under the regulations is an effort to introduce facts extraneous to the pleadings. It is therefore a "speaking demurrer."
The court notes that this is not a motion to dismiss for lack of jurisdiction in which facts outside the pleadings could be introduced by affidavit; in determining the question of a motion to strike, the court is limited to the facts allege in the complaint. King v. Board of Education, 195 Conn. 90, 93, 486 A.2d 1111 (1985).
Under these circumstances, the motion to strike on the grounds of preemption by ERISA is denied.
The defendant has moved to strike the fourth count and fifth counts on an alternative claim that the plaintiffs have not alleged sufficient facts to state a claim for violation of CUIPA, or a violation of CUIPA under CUTPA, because there has been allegation CT Page 9380 demonstrating a general business pattern or practice in violation of CUIPA.
The plaintiffs have not addressed this claim in their objection to the motion and in their brief, and are deemed not to have objected to the motion to strike these counts.
Moreover, this court concurs with the defendant's position that under the rule of Mead v. Burns, 199 Conn. 651, 509 A.2d 11
(1986), to establish a violation of CUIPA, in the absence the claim of a general business practice, a single unfair act would not sustain a CUIPA claim. Likewise, a single unfair act of unacceptable insurer conduct, absent a claim of general business practice, would not allow a litigant proceeding under CUTPA to enforce a claim derived from CUIPA.
Therefore, the motion to strike the first and second counts is denied and the objection to that portion of the motion is sustained; while the motion to strike the fourth and fifth counts is granted and the objection to that portion of the motion is overruled.
NIGRO, J.